## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____
                                    )

AF HOLDINGS, LLC,            )         Civil Action No. 3:12-cv-01401-JBA
                                      )

v.                                        )
                                        )

ELLIOT OLIVAS,             )
_____ )         JANUARY 25, 2013

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

       Defendant and counterclaimant Elliot Olivas ("Defendant"), by and through his undersigned counsel, hereby answers the Complaint of plaintiff AF Holdings, Inc. ("Plaintiff").

### NATURE OF THE CASE

       1.      Defendant admits that Plaintiff's Complaint purports to set forth an action for copyright infringement under the United States Copyright Act, contributory infringement, civil conspiracy and negligence, and seeks relief. Defendant denies the remaining allegations in paragraph 1, and specifically denies that Plaintiff is entitled to any relief.

### THE PARTIES

       2.      Defendant denies that Plaintiff holds rights sufficient to confer standing to bring this action. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies those allegations.

       3.      Defendant admits that Plaintiff's Complaint purports to set forth an action for infringement of copyright in a work entitled "Sexual Obsession." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, and therefore denies those allegations.

       4.      Defendant admits that he is over the age of 18 and resides in this District. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and therefore denies those allegations.

## JURISDICTION AND VENUE

5.    Defendant admits that the Court has jurisdiction over the subject matter of this action. Defendant denies the remaining allegations in Paragraph 5.

6.    Defendant admits that he resides in Connecticut and that the Court has personal jurisdiction over this action.  Defendant denies the remaining allegations in Paragraph 6.

7.    Defendant admits that venue is properly founded in this District.  Defendant denies the remaining allegations in Paragraph 7.

## BACKGROUND

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and therefore denies those allegations.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and therefore denies those allegations.

10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies those allegations.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies those allegations.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies those allegations.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies those allegations.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies those allegations.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies those allegations.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies those allegations.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and therefore denies those allegations.

## ALLEGATIONS COMMON TO ALL COUNTS

18.     Defendant denies the allegations in Paragraph 18.

19.     Defendant admits that Exhibit A to the Complaint purports to be a record of copyright registration and that Exhibit B purports to be an assignment agreement.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies those allegations.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies those allegations.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies those allegations.

22.     Defendant denies the allegations in Paragraph 22.

23.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and therefore denies those allegations.

24.     Defendant denies the allegations in the first sentence of Paragraph 24.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and therefore denies those allegations.

## COUNT I – COPYRIGHT INFRINGEMENT – REPRODUCTION
### (17 U.S.C. § 106(1))

25.     In response to the allegations in Paragraph 25, Defendant incorporates herein his above responses.

26.     The allegations in Paragraph 26 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

27.     Defendant denies the allegations in Paragraph 27.

28.     Defendant admits the allegations in the second sentence of Paragraph 28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies those allegations.

29.     Defendant denies the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

31.     Defendant denies the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

33.     The allegations in Paragraph 33 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

34.     The allegations in Paragraph 34 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

35.     The allegations in Paragraph 35 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

### COUNT II – COPYRIGHT INFRINGEMENT – DISTRIBUTION
### (17 U.S.C. § 106(3))

36.     In response to the allegations in Paragraph 36, Defendant incorporates herein his above responses.

37.     The allegations in Paragraph 37 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them.

38.     Defendant denies the allegations in the first sentence of Paragraph 38.  The remaining allegations constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies those allegations.

39.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and therefore denies those allegations.

40.     The allegations in Paragraph 40 constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations.

41.     Defendant denies the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

43.     The allegations in Paragraph 43 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

44.     The allegations in Paragraph 44 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

## COUNT III – CONTRIBUTORY INFRINGEMENT

45.     In response to the allegations in Paragraph 45, Defendant incorporates herein his above responses.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46, and therefore denies those allegations.

47.     Defendant denies the allegations in Paragraph 47.

48.     Defendant denies the allegations in Paragraph 48.

49.     Defendant denies any role in the acts alleged in Paragraph 49.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and therefore denies those allegations.

50.     Defendant denies the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies the allegations.

52.     Defendant denies the allegations in Paragraph 52.

## COUNT IV – CIVIL CONSPIRACY

53.     In response to the allegations in Paragraph 53, Defendant incorporates herein his above responses.

54.     Defendant denies the allegations in Paragraph 54.

55.     Defendant denies the allegations in the first sentence of Paragraph 55.  The remaining allegations constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies those allegations.

56.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies those allegations.

57.     Defendant denies the allegations in Paragraph 57.

58.     The allegations in Paragraph 58 constitute conclusions of law to which no response is required.  To the extent that a response is deemed necessary, Defendant denies any role in the acts alleged in Paragraph 58, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief it seeks in its prayer for relief and request for judgment.

## AFFIRMATIVE DEFENSES

Defendant Elliot Olivas ("Defendant") asserts the following defenses without undertaking or otherwise shifting any applicable burden of proof. Defendant reserves the right to supplement or amend this answer, including by asserting additional defenses, as warranted by facts revealed through investigation and discovery.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Relief)

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiff is not a party to the purported copyright assignment and therefore lacks standing to bring a claim against Defendant.

## THIRD AFFIRMATIVE DEFENSE
### (Lack of Subject Matter Jurisdiction)

Plaintiff lacks a valid copyright assignment.

## FOURTH AFFIRMATIVE DEFENSE
### (No Infringement)

Defendant has not engaged in or contributed to any infringement of the copyright alleged.

## FIFTH AFFIRMATIVE DEFENSE
### (No Conspiracy)

Defendant has not participated in any conspiracy to infringe the copyright alleged.

## SIXTH AFFIRMATIVE DEFENSE
### (Misuse of Copyright)

Plaintiff's claims are barred by the doctrine of misuse of copyright.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Join Indispensable Parties)

Plaintiff has failed to join indispensable parties and notify the court of related matters.

## EIGHTH AFFIRMATIVE DEFENSE
### (Statutory Relief Not Available)

Plaintiff is barred from seeking statutory damages, costs and/or attorneys' fees under 17 U.S.C. § 504 because the alleged infringement, if any, commenced prior to Plaintiff's ownership of a registered copyright.

## NINTH AFFIRMATIVE DEFENSE
### (Requested Relief Repealed)

Plaintiff's request for relief pursuant to 17 U.S.C. § 509 is barred by its November 13, 1997 repeal.

## TENTH AFFIRMATIVE DEFENSE
### (Copyright Preemption)

Plaintiff's claim of civil conspiracy is preempted by 17 U.S.C. § 301(a).

## ELEVENTH AFFIRMATIVE DEFENSE
### (Invalidity or Unenforceability of Copyright)

Plaintiff's claims are barred to the extent they claim copyright in works that are immoral, illegal or libelous.

## TWELFTH AFFIRMATIVE DEFENSE
### (Innocent Intent)

Defendant was not aware and had no reason to believe that any of his acts constituted an infringement of copyright.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

Any infringement by Defendant was innocent and not willful.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Waiver)

Plaintiff's claims are barred by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Estoppel)

Plaintiff's claims are barred by the doctrine of estoppel. Without admitting any infringement, Defendant alleges that, though Plaintiff knew the facts of any alleged file-sharing by Defendant and/or others using Defendant's Internet connection, Plaintiff acted in such manner that Defendant and/or third parties were entitled to, and did, believe that the continued availability of the copyrighted work on BitTorrent was intended by Plaintiff, and any actions to download were induced by, and done in reliance on, Plaintiff's conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff is not entitled to equitable relief, as it is guilty of conduct directly related to the merits of the controversy between the parties, sufficient to affect the equitable relations between the parties. Defendant has been personally injured by Plaintiff's said conduct, which continued at least through the time of filing of this action.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Lack of Volitional Act)

Plaintiff's claims are barred because the alleged infringement was not caused by a volitional act attributable to Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

To the extent Plaintiff suffered any damages attributable to Defendant, which Defendant expressly denies, Plaintiff has failed to take the steps necessary to mitigate the damages sustained.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

Plaintiff is barred from bringing its direct infringement claim as Plaintiff previously litigated this identical claim.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Res Judicata)

Plaintiff is barred from raising issues previously adjudicated.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Injunctive Relief Not Warranted)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Intervening Causes)

Without admitting that Plaintiff has sustained any injury or damages and without admitting any liability whatsoever, Defendant alleges that the injuries complained of and the damages sought by Plaintiff in this Complaint and each separate claim for relief asserted therein was the direct and proximate result of certain independent actions of third parties over whom Defendant has no control. Therefore, Defendant is not liable for any of the damage that may have resulted therefrom.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Invalidity of Assignment)

An assignor can transfer the ownership interest in an accrued past copyright infringement, but the assignee only has standing to sue if the interest in the past infringement is *expressly* included in the assignment and the assignee also owns the actual copyrights. Plaintiff received its copyright assignment after Defendant's alleged infringement, and the assignment makes no express provision for past infringements.

## COUNTERCLAIMS

For its Counterclaims against Plaintiff AF Holdings, Inc. ("Plaintiff"), Defendant/ Counterclaimant Elliot Olivas ("Defendant") asserts as follows:

### THE PARTIES

1.      Defendant/Counterclaimant Elliot Olivas ("Defendant") is an individual residing in Connecticut.

2.      Plaintiff/Counterclaim Defendant AF Holdings LLC is, upon available information, a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis.[1]

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202.  The counterclaims are so related to the claims asserted by Plaintiff in this action that they form part of the same case or controversy under Article III of the United States Constitution, and arise out of common facts, transactions, or occurrences as provided under Fed. R. Civ. P. 13 and 20.

4.      This Court has personal jurisdiction over Plaintiff.  Plaintiff availed itself of this Court's jurisdiction by bringing this action in this District.

5.      Venue in this District is proper over the counterclaims pursuant to 28 U.S.C. § 1391.

### GENERAL BACKGROUND FOR ALL COUNTERCLAIMS

6.      Plaintiff first litigated this claim in an action it filed against 1,140 individuals, including Defendant, on June 7, 2011, in the United States District Court for the District of Columbia. *AF Holdings, LLC v. Does 1-1,140*, 11-cv-01274-RBW (the "original action").  That action was one of a slew of John Doe lawsuits filed by Plaintiff in various in United States District Courts, against a total of 3,092 individuals to date, in which Plaintiff alleges infringement of the copyright in a pornographic video entitled "Sexual Obsession."

---

[1] The Federation of Saint Kitts and Nevis, conveniently, has very strict laws prohibiting disclosure of corporate information).  "Managers and final beneficiaries are not registered anywhere, this way they have total anonymity." http://www.offshorebankshop.com/en/11-saint-kitts-and-nevis-offshore-companyform-tax-haven-limited-liability.html

7.      Plaintiff is represented by Prenda Law, Inc. (a/k/a Anit-Piracy Law Group a/k/a Steele Hansemeier PLLC).  Each of Plaintiff's 200+ actions have been premised upon substantially identical, cookie-cutter complaints, and have involved *ex parte* applications by which Plaintiff seeks leave of court to issue subpoenas to Internet Service Providers, prior to a Rule 26(f) conference, to obtain information identifying alleged infringers.  In support of its applications for early discovery, Plaintiff has offered a declaration from one Peter Hansemeier,[2] who purports to be a computer expert. Generally speaking, the pleadings in all Plaintiff's cases, including in this District, track paragraph by paragraph, word for word.  The only real difference between the cases is the IP addresses identified in the complaints.

8.      Plaintiff later voluntarily dismissed all 1,140 individuals in the original action on February 2, 2012.

9.      On October 1, 2012, Plaintiff filed suit against the Defendant in this court, making him one of only 68 of those alleged infringers whom Plaintiff has named as a defendant, much less attempted to serve with process or litigate its claims.

10.     Plaintiff provides contrary information to its standing in the Complaint. Plaintiff includes with the Complaint the "Certificate of Registration" from the United States Copyright Office for "Sexual Obsession," which lists that the author and copyright claimant as Heartbreaker Films in California. ECF No. 1-2.  However, the assignee signing the agreement is AF Films, LLC, which is not a party to this case.  As other courts have noted:

> Plaintiff's Financial Disclosure Statement, required to be filed with the court at first appearance pursuant to Local Rule 7.1, … "certifies that there are no parents, trusts, subsidiaries and/or affiliates of said party."

> Plaintiff has submitted no allegation or evidence which shows any link between AF Holdings, LLC and AF Films, LLC.

---

[2] On information and belief, Peter Hansemeier is the brother of John Steele's law partner Paul Hansemeier. *AF Holdings, LLC v. Does 1-1,140*, No. 11-cv-01274-RBW, ECF No. 3-1

*AF Holdings, LLC v. Does 1-77*, 11-cv-00383-RBS-TEM, ECF No. 6 (E.D. Va. June 14, 2011).  See also *id.,* ECF No. 9 (E.D. Va. June 18, 2011); *AF Holdings, LLC v. Does 1-96*, 11-cv-03335-JSC, ECF No. 26 (N.D. Cal. Nov. 4, 2011).

12.     On or around December 1, 2012, evidence of fraud between Plaintiff and its counsel began to appear.

13.     Plaintiff has, in this and other actions, identified Alan Cooper as its sole principal. As discussed in a recent filing in one of Plaintiff's cases pending in federal court in Minnesota, an as-yet unexplained connection has recently come to light with respect to this Alan Cooper.  There *is* a man named Alan Cooper who lives in Minnesota and who, according to his newly-retained attorney,

> had for several years acted as a caretaker for a Minnesota property owned by an attorney by the name of John Steele. When visiting his property, Steele had on numerous occasions bragged to my client about a plan involving massive copyright litigation in multiple jurisdictions.  He also specifically instructed my client to contact him if anyone asked about various corporations, that Cooper was to call him.  When Cooper confronted Steele about that, Steele told him not to worry about it.

*AF Holdings, LLC  v. Doe*, 12-cv-02687-RHK-JJG, ECF No. 11 (D. Minn. Nov. 29, 2012).[3]

14.     Plaintiff and its counsel have refused to clarify whether there really is another Alan Cooper who is the true principal.[4]  All of these facts regarding Alan Cooper and the status of AF Holdings are highly relevant to the Plaintiff's pending claims against the Defendant.

15.     In short, it appears that Plaintiff does not have standing to bring claims against the Defendant; Plaintiff may not even exist; and Plaintiff's counsel may truly be the real parties in interest in this case.

### FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement)

16.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

---

[3] Nor is this the first time Plaintiff's counsel has been accused of using a dummy corporation to file suit. Nicholas Ranallo, Who are MCGIP (and Why are They Suing for Other People's Movies?), (Sept. 25, 2011); available at http://torrentfreak.com/who-are-mcgip-and-why-are-they-suing-for-other-people's-movies-110925/.

[4] Alan Cooper is also, purportedly, the sole proprietor of Ingenuity 13, LLC—another of Prenda Law's clients. See, *Ingenuity 13, LLC v. John Doe*, 12-cv-08333-ODW-JC, ECF No. 32 (C.D. Cal. Dec. 26, 2012) (order granting discovery as to identity of Alan Cooper after Plaintiff and its counsel refused to clarify the issue).

17.     There is an actual and justiciable controversy between the parties regarding the alleged direct copyright infringement.

18.     Defendant has not infringed Plaintiff's alleged copyright in "Sexual Obsession." Plaintiff cannot knowingly claim otherwise.

19.     Internet service providers assign numerical Internet Protocol ("IP") addresses to, among other things, the routers used by Internet subscribers to access the network.

20.     An IP address does not identify the computer connecting to the router assigned that the IP address.  Nor does it identify the person using that computer.

21.     Plaintiff's allegation that a given IP address was used for infringing acts is not sufficient to support a claim of infringement against the Defendant.

22.     Defendant is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyright work.

**SECOND COUNTERCLAIM**
**Abuse of Process**

23.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

24.     Plaintiff made knowing misrepresentations in its summons filed against Defendant. Plaintiff pleaded claims for copyright infringement despite knowing that it lacked standing to bring any such claims.  Plaintiff pleaded claims for statutory remedies despite knowing that those claims were unavailable.

25.     In filing its complaint, Plaintiff sought to use and did use lawfully issued process for an ulterior or illegitimate purpose.

26.     Plaintiff filed its original complaint against 1,140 individuals on June 7, 2011 in the United States District Court for the District of Columbia. Plaintiff filed its dismissal of the original action against all 1,140 individuals on February 2, 2012.

27.     In the intervening months, Plaintiff contacted Defendant's family, first accusing his mother, the subscriber of the account, of infringing and urging settlement.

28.     On October 1, 2012, and without explanation, Defendant himself was now identified as the alleged infringer in this action.

29.     Plaintiff then contacted Defendant's family, urging settlement and directing the Defendant to the website of Plaintiff's counsel Prenda Law, where the complaint against him is posted.  This structure enabled Plaintiff to employ the complaint for an ulterior purpose: not to initiate the process of litigation, but to forestall it, while enabling Plaintiff's attempted extortion of the Defendant.

30.     Plaintiff completed service on the Defendant January 4, 2013.

31.     Plaintiff willfully abused, misused and/or misapplied the process for an end other than that which it was designed to accomplish.

32.     Plaintiff intentionally failed to disclose and concealed pertinent and material information regarding Plaintiff's knowledge of the falsity of certain claims, its lack of standing, and the ulterior or illegitimate purpose for which the complaints and summons were employed.

33.     Specifically, Plaintiff failed to disclose and concealed pertinent and material information that includes but is not limited to the following:

      a)     Plaintiff was not a party to the assignment, and had no standing to bring any claims;

      b)     Plaintiff instituted the original action without any genuine intent to proceed against any defendant therein, but rather as a vehicle to obtain discovery of the identity and contact information of Defendant and others;

      c)     upon receiving that information, Plaintiff mailed to Defendant letters threatening to pursue statutory damages and attorney's fees under the Copyright Act, without disclosing that those remedies were prohibited by the date of the alleged infringement and the terms of the assignment;

      d)     Plaintiff's letters threatening to pursue Defendant for copyright infringement did not disclose that any such claim is categorically prohibited by the terms of Plaintiff's copyright assignment;

> e)    Plaintiff knows it has no basis for naming the Defendant as the infringer, yet continues to assert the claims against him;
>
> f)    Plaintiff assert its claims in order to influence the conduct of the Defendant in ways that are not related to the merits of its claims;
>
> g)    Plaintiff used the completed service to publicly shame the Defendant on its counsel's website; and
>
> h)    Plaintiff intends the current action to hang as a sword over Defendant's head, to extort unwarranted payments to settle claims not supportable as a matter of law.

34.    Plaintiff's service of process facilitated these ulterior purposes.

35.    As a direct and proximate result of the Plaintiff's conduct, Defendant has been forced to expend a significant amount of time and money in defending against these frivolous claims, and thereby suffered injuries, damages, or losses in an amount to be determined at trial.

## THIRD COUNTERCLAIM
## Copyright Misuse

36.    Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

37.    Plaintiff engaged in abusive and/or improper conduct in exploiting or enforcing its purported copyright assignment beyond any legitimate rights it may have.

38.    Specifically, when it brought claims against the Defendant it had no standing to bring and that threatened penalties that exaggerated and misstated the law, Plaintiff misled and defrauded the Defendant into paying to retain counsel and defending the claims.

39.    The purported assignment is between assignor Heartbreak Films, et al and assignee AF Films, LLC. AF Films, LLC is not a party to this case.

40.    Plaintiff AF Holdings, LLC has not explained this discrepancy when afforded the opportunity in other courts.

41.     Plaintiff threatened Defendant with statutory damages of up to $150,000 and attorney's fees, though its remedy would be limited to actual damages in any case where Plaintiff were able to prove their claims, due to Plaintiff's delay in bringing suit.

42.     An assignor can transfer the ownership interest in an accrued past infringement, but the assignee only has standing to sue if the interest in the past infringement is *expressly* included in the assignment and the assignee also owns the actual copyrights.

43.     Defendant's alleged infringement (dated April 12, 2011) occurred prior to Plaintiff's assignment (dated June 12, 2011).

44.     Plaintiff's copyright assignment makes no express provision assigning claims for past infringements.

45.     Plaintiff attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by saddling Defendant with a financially burdensome lawsuit, raising claims barred by the terms of the assignment and the clear provisions of the Copyright Act.

46.     Even if Plaintiff had a valid assignment that would support an action against Defendant, it attempted to extend the effect or operation of that assignment beyond the scope of the statutory right by improperly coercing Defendant with threats of statutory damages awards, attorney's fees, and financially burdensome lawsuits, regardless of the merits and its belated claim's bar on the extraordinary forms of relief that Plaintiff nonetheless deceptively claimed.

47.     Plaintiff's bald attempt at using its copyright assignment to expand its scope by deception and avail itself of unwarranted remedies constitutes copyright misuse.

48.     As a direct and proximate result of the Plaintiff's extortion threats and false representations, and Defendant's reliance on those threats and false representations, Defendant suffered injuries, damages, or losses in an amount to be determined at trial.

49.     Defendant is entitled to declaratory relief that Plaintiff's copyright assignment is invalid and barring Plaintiff from advancing any claims or claims for statutory remedies unless and until it obtains a corrected and proper assignment.

## FOURTH COUNTERCLAIM
### Defamation

50.     Defendant incorporates by reference all foregoing allegations made in his affirmative defenses and counterclaims as if fully set forth herein.

51.     Defendant denies any liability for, or knowledge of, the allegations against him in the complaint.

52.     Plaintiff's publication of the complaint on its counsel's website is an act of defamation.

53.     The complaint offers no direct evidence of infringement by Defendant, only identifying him as using a certain IP address by which Plaintiff alleges its copyright was infringed.

54.     Plaintiff and its counsel are aware an IP address does not identify the computer being used or its user.

55.     It was either reckless or negligent to publicly accuse him, based only on the IP address, of being an illegal downloader of pornography.

56.     Stating that the Defendant "*wish[ed] to go to trial over the matter*" is defamatory and knowingly false.

57.     Stating that the Defendant is accused of "various civil *and criminal acts* against our client" is defamatory and knowingly false.

58.     These statements on the website were not made in pleadings or other documents prepared in connection with a court proceeding, nor are they pertinent to the subject of the controversy.

59.     Plaintiff had no privilege to publish these statements to the world at large, outside the litigation context.

60.     By hyperlinking his name elsewhere on its counsel's website, Plaintiff ensures that the complaint is one of the top search engine results for his name.

61.     These continuing statements are causing Defendant financial and reputational damage.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaimant Elliot Olivas respectfully requests that this Court issue judgment as follows:

A.      That AF Holdings, Inc. take nothing by the Complaint and that the same be dismissed with prejudice;

B.      That Plaintiff has misused its copyright and that it should be invalidated;

C.      Declaring that Defendant/Counterclaimant is not liable for directly or indirectly infringing Plaintiff's copyright, conspiring to do so;

D.      Declaring that Plaintiff's copyright is unenforceable and invalid;

E.      Awarding Defendant/Counterclaimant his costs and reasonable attorneys' fees incurred this action;

F.      Awarding Defendant/Counterclaimant all damages that he has sustained as a consequence of Counterclaim Defendant's acts complained of herein; and

G.      Granting such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Defendant/Counterclaimant Elliot Olivas hereby demands a trial by jury on the Complaint
and all Counterclaims asserted in this Answer so triable.

Respectfully submitted,

_____
Frances Codd Slusarz (ct24442)
THE SLUSARZ LAW FIRM, LLC
57 North Street, Suite 107
Danbury, CT 06810
Tel: (203) 542-0724
Fax: (203) 542-7835
Email: frances@slusarzlaw.com

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com
*Pro Hac Vice Application Pending*

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

_____
Frances Codd Slusarz