UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AF HOLDINGS, LLC, | Civil Action No. 3:12-cv-01401-JBA |
| Plaintiff, | |
| v. | |
| ELLIOT OLIVAS, | |
| Defendant. | |

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff AF Holdings, LLC respectfully requests the Court dismiss each of Defendant's counterclaims for failure to state a claim upon which relief may be granted. In support of its motion, Plaintiff states as follows:

**FACTUAL BACKGROUND**

On October 1, 2012 Plaintiff filed its complaint against Defendant Elliott Olivas with claims of copyright infringement, contributory infringement, and civil conspiracy. (ECF No. 1.) Plaintiff attached to the complaint a printout demonstrating that a valid copyright existed for the video "Sexual Obsession." (ECF No. 1-1.) Plaintiff also attached to the complaint a copy of the assignment agreement between Heartbreaker Films and AF Holding, LLC transferring the rights and interest in the copyrighted video to Plaintiff. (ECF No. 1-2.)

On January 25, 2013 Defendant filed an answer to Plaintiff's complaint. (ECF No. 10.) Defendant also brought four counterclaims against Plaintiff. (*Id.* at 10-18.) First, Defendant claims that he is "entitled to declaratory judgment pursuant to 28 U.S.C. § 2201 that he has not infringed the copyright work." (*Id.* at 12-13.) Second, Defendant brought a claim for abuse of

1

process against Plaintiff. (*Id.* at 13-15.) Third, Defendant brought a claim for copyright misuse against Plaintiff. (*Id.* at 15-16.) Finally, Defendant brings a claim of defamation against Plaintiff. (*Id.* at 17.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12 permits a party to move to dismiss a complaint or counterclaims if the allegations, even if true, fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the counterclaims must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## **ARGUMENT**

Each of Defendant's counterclaims fail to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12 the Court should dismiss each of Defendant's counterclaims. Plaintiff addresses each counterclaim in more detail below.

### I. DEFENDANT'S DECLARATORY JUDGMENT OF NON-INFRINGEMENT CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's first counterclaim is an allegation of declaratory judgment of non-infringement. (ECF No. 10 at 12-13.) Because Plaintiff has established a prima facie case for copyright infringement, Defendant is not entitled to declaratory judgment as a matter of law. "To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Plaintiff has met both of these elements. In regards to the first element, in its complaint Plaintiff alleged that "Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video." (ECF No. 1 ¶ 18.)

Plaintiff further alleged that "[t]he Video is currently registered in the United States Copyright Office (Copyright No. PA0001725120)," and that "Plaintiff received the rights to this Video pursuant to an assignment agreement." (*Id.* ¶ 19.) A copy of the certificate of registration and a copy of the assignment agreement were attached to complaint as Exhibits A and B respectively. (*See* ECF Nos. 1-1 and 1-2.)

Further, in judicial proceedings, a "certificate of registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c) (1977). Plaintiff's certificate of registration meets this requirement and establishes prima facie evidence of a valid copyright. (ECF No. 1-1.) Defendant is not entitled to declaratory judgment as a matter of law.

## II. DEFENDANT'S ABUSE OF PROCESS CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's second counterclaim is an allegation of abuse of process. (ECF No. 10 at 13-15.) Defendant argues that "Plaintiff made knowing misrepresentations in its summons filed against Defendant. Plaintiff pleaded claims for copyright infringement despite knowing that it lacked standing to bring any such claims. Plaintiff pleaded claims for statutory remedies despite knowing that those claims were unavailable." (*Id.* at 13.) "Abuse of process is 'the misuse of process regularly issued to accomplish an unlawful ulterior purpose.'" *Paint Products Co. v. Minwax Co., Inc.*, 448 F. Supp. 656, 659 (D.Conn. 1978) (quoting *Schaefer v. O.K. Tool Co.*, 110 Conn. 528, 532 (1930). Abuse of process is distinguishable from "malicious prosecution and vexatious litigation on the grounds that abuse of process involves the misuse of process issued *in the course of judicial proceedings* rather than the improper commencement of legal proceedings." *Paint Products*, 448 F. Supp. at 659 (emphasis added); *see also McGann v. Allen,* 105 Conn. 177, 188-89, 134 A. 810 (1926). Defendant makes several allegations regarding

Plaintiff's conduct *outside of the litigation*, but nothing suggests a misuse of process in the actual course of litigation. Indeed, the only action Plaintiff has taken during the course of litigation is the filing of the complaint and service on Defendant. Defendant, therefore, has not pled a basis for abuse of process. *Paint Products*, 448 F. Supp. at 659 ("Defendant's counterclaim does not allege that legal process has been misused during the course of litigation, therefore the counterclaim cannot be said to state a cause of action for abuse of process."). Plaintiff has every intention of holding Defendant liable for his action. Defendant's counterclaim for abuse of process must be denied as a matter of law.

### III. DEFENDANT'S COPYRIGHT MISUSE CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's third counterclaim is an allegation of copyright misuse. (ECF No. 7 at 15-16.) Defendant argues that Plaintiff does not have a valid copyright to bring its claim because "[t]he purported assignment is between assignor Heartbreak Films, et al and assignee AF Films, LLC. AF Films, LLC is not a party to this case." (*Id.* at 15.) The first paragraph in the assignment agreement expressly states that it is between assignor Heartbreak Films, et al and assignee AF Holdings, LLC, the Plaintiff in this matter. (ECF No. 1-2 at 2.) Defendant may be referring to the signature at the bottom of the assignment agreement by Alan Cooper on behalf of "AF Films, LLC." (*Id.* at 4.) The references to the company "AF Films, LLC" instead of "AF Holdings, LLC" is simply a result of a scrivener's error, and does not defeat the fact that the agreement it between assignor Heartbreak Films, *et al* and assignee AF Holdings, LLC as clearly indicated in the actual agreement. (*Id.* at 2.) While this scrivener's error may invalidate the assignee's signature, the law requires *only the assignment be signed by the assignors*. *AF Holdings LLC v. Does 1-96*, No. 11-cv-3335-JSC (N.D. Cal. Nov. 22, 2011), ECF No. 29 at 5 n.1:

> The written copyright assignment recites that it is between the original copyright owner, Heartbreaker Films, and Plaintiff here, AF Holdings, LLC. (Dkt. No. 27.) While the assignment is signed by a representative of the assignors, it is not signed by a representative of the assignee, AF Holdings, LLC. Instead, it is signed by a representative of AF Films, LLC. (*Id.*) As the law requires only that the assignment be signed by the assignor and not the assignee, *see* 17 U.S.C. § 204; *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990), this inconsistency does not prevent a prima facie showing of copyright ownership.

Because the assignor Heartbreaker Films has signed the assignment agreement, the agreement is valid as to AF Holdings, LLC and, therefore, Plaintiff has a valid interest in the copyrighted work at issue in this case.

Further, the claim fails at the outset because there is no such thing as a cause of action for copyright misuse. Rather, "copyright misuse" is an equitable defense to a copyright action that precludes recovery by a plaintiff that has used its copyright in violation of the public policy embodied in the grant of copyright. Numerous courts have rejected efforts to raise "copyright misuse" as a cause of action giving rise to money damages or other forms of relief. *See, e.g.*, *LAVA RECORDS LLC v. AMURAO*, No. 08-2376-cv (2d Cir. Nov. 16, 2009) (Holding that "[w]e also decline to create an independent cause of action for 'copyright misuse,'" and that "[the defendant] has cited no case in which 'copyright misuse' was allowed as an independent cause of action for damages rather than as a defense to an infringement claim, [and] has not made a persuasive case for the creation of such a cause of action here."); *Video Pipeline, Inc. v. Buena Vista Home Entertainment*, *Inc.*, 342 F.3d 191, 203-4 (3rd Cir. 2003) (declining to apply copyright misuse doctrine to licensing agreements at issue); *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d1079, 1090 (9th Cir. 2005) (copyright misuse not an independent claim when there has been no allegation of copyright infringement); *Ticketmaster, L.L.C. v. RMG Technologies*, 536 F. Supp. 2d at 1191, 1198-99 (C.D. Cal. 2008) (holding that copyright misuse is only an affirmative

defense to a claim for copyright infringement, and does not support an independent claim for damages); *Online Policy Group v. Diebold, Inc.*, 337F. Supp. 2d 1195, 1198 n.4 (N.D. Cal. 2004) ("Plaintiffs cite no legal authority, and the Court is aware of none, that allows an affirmative claim for damages for copyright misuse."). As a result, Defendant's copyright misuse claim must be dismissed as a matter of law.

## IV. DEFENDANT'S DEFEMATION CLAIM MUST BE DISMISSED AS A MATTER OF LAW

Defendant's final counterclaim is an allegation of defamation. (ECF No. 10 at 17.) Defendant accuses Plaintiff of publishing the complaint and making various statements on its website. (*Id.*) Under Connecticut law, Plaintiff has an "absolute immunity from liability for allegedly defamatory communications in the course of judicial proceedings." *Mozzochi v. Beck*, 204 Conn. 490, 494-495 (1987); *see also Simms v. Seaman*, 23 A. 3d 1, 4 (Conn. Ct. App. 2011) ("our Supreme Court reiterated that it has granted absolute immunity to attorneys who made allegedly defamatory statements in the course of a judicial proceeding."). The complaint published on Plaintiff's website is a public document and the claims made therein are protected through absolute immunity. Defendant's claim that "Plaintiff's publication of the complaint on its counsel's website is an act of defamation," therefore, must fail as a matter of law.

Further, Defendant grossly mischaracterizes the statements made on Plaintiff's website. The quotations provided by Defendant are not specific to Defendant. Plaintiff's website includes a single paragraph regarding its lawsuits in general that reads:

> Prior to actually naming and serving individuals accused of various civil and criminal acts against our clients, Prenda Law attempts to reach out and resolve the issue with the infringer/hacker and/or account holder directly. While we are able to resolve the matter in some cases, some individuals alleged infringers wish to go to trial over the matter.

While the language quoted by Defendant is contained in this paragraph, Defendant has taken it out of context and grossly mischaracterizes it. The statements made on Plaintiff's website are statements that could be made about nearly any litigation across the country and do not constitute defamation. The essential elements for a cause of action for defamation are (1) a publication (2) about a plaintiff (3) unreasonably placing him in a false light before the public. *Jensen v. Times Mirror Co.*, 634 F. Supp. 304, 310 (D. Conn. 1986). Defendant's claim fails the second element as Plaintiff's statements were not regarding Defendant specific. Indeed, when the hyperlink associated with this case is click, only a copy of the complaint is provided. And, as explained, above, Plaintiff has absolute immunity from defamation for statements made in the complaint. *Mozzochi*, 204 Conn. at 494-495. Defendant's claim that Plaintiff made defamatory statements about him on its website, therefore, must also fail as a matter of law.

## CONCLUSION

Each of Defendant's counterclaims fail to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12 the Court should dismiss each of Defendant's counterclaims.

Respectfully submitted,

AF Holdings, LLC,

DATED: January 25, 2013

By:   /s/ Daniel G. Ruggiero

Daniel G. Ruggiero, Esq. (SBN 666131)
P.O. Box 258
Raynham, MA 02767
Telephone: (339) 237-0343
Fax: (339) 707-2808
Email: daniel.ruggiero.esq@gmail.com
*Attorney for Plaintiff*

7

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 14, 2013, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system.

/s/ Daniel G. Ruggiero