UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AF HOLDINGS, LLC, | Civil Action No. 3:12-cv-01401-JBA |
| Plaintiff/Counterdefendant, | |
| v. | |
| ELLIOT OLIVAS, | |
| Defendant/Counterplaintiff. | |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANTS' COUNTERCLAIMS**

Defendant/Counterplaintiff Elliot Olivas ("Olivas") respectfully submits this opposition to Plaintiff/Counterdefendant AF Holdings, LLC's ("AFH") motion to strike portions of Olivas' counterclaims (ECF No. 14). AFH's motion offers no viable basis to avoid any of Olivas' pleading, and must be denied.

### I. LEGAL STANDARD

A court may "strike from a pleading 'an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Loubier v. Allstate Ins. Co.*, No. 09-cv-261-JBA, 2010 U.S. Dist. LEXIS 30359, *27 (D. Conn. March 30, 2010) (citations omitted). See also, Fed. R. Civ. P. 12(f). Such motions are nonetheless "generally disfavored". *Id.* See, also, *Colony Ins. Co. v. Jack A. Halprin, Inc.*, No. 10-cv-1059-CSH, 2012 U.S. Dist. LEXIS 95982, *11 (D. Conn. July 11, 2012) (citing *Hathaway Motors, Inc. v. General Motors Corp.*, 19 F.R.D. 359, 360 (D. Conn. 1955) ("Motions to strike … are in disfavor"); *D'Agostino v. Hous. Auth.*, No. 05-cv-1057-PCD, 2006 U.S. Dist. LEXIS 44729, *2 (D. Conn. June 30, 2006) ("motions to strike are generally disfavored"); Wright & Miller, Fed. Practice & Procedure § 1380 ("[M]otions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted.").

> [M]otions pursuant to Fed. R. Civ. P. 12(f) are viewed by federal courts with healthy skepticism. Motions to strike are often considered to be dilatory, irksome or simply a device to accomplish unessential cosmetic surgery to the pleadings. For those reasons, even when technically appropriate and well-founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party.

1

5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1381 (3d ed. 2004) ("Wright & Miller")).

> The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, because federal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike on any of these grounds are not favored, often being considered purely cosmetic or "time wasters," there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy.

Wright & Miller § 1382.

The Second Circuit has set a high standard for its application, cautioning that "courts should not tamper with the pleadings unless there is a strong reason for doing so." *Yungk v. Campbell Huasfeld/Scott Fetzer Co.*, Nos. 06-cv-120-AVC, 07-cv-111-AVC, 2007 U.S. Dist. LEXIS 51911, *5-7 (D. Conn. July 17, 2011). As such, the striking of a pleading pursuant to Rule 12(f), "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Ultimately, motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation." *Lennon v. Seaman*, 63 F. Supp. 2d 428, 446 (S.D.N.Y. 1999) (citation omitted).

"[T]o succeed on a motion to strike under Rule 12(f), the [movant] must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant.'" *Wine Mkts Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998). See also, *Marshall v. New Horizons, Inc.*, No. 08-cv-633-JBA, 2009 U.S. Dist. LEXIS 83605, *2 (D. Conn. Sept. 14, 2009). However, "[i]f there is any doubt as to the possibility of relevance, a judge should err on the side of denying a Rule 12(f) motion." *O'Brien v. Wisniewski,* No. 10-cv-120-CSH, 2012 U.S. Dist. LEXIS 47227 (April 23, 2013) (citation omitted).

## II. ARGUMENT

Olivas's counterclaims are properly pleaded. AFH's motion is not, and offers no valid reason to strike anything raised in the counterclaims.

### A. AFH's Motion is Not Properly Pleaded.

Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party. *Marshall v. New Horizons, Inc.*, No. 08-cv-633-JBA, 2009 U.S. Dist. LEXIS 83605, *2 (D. Conn. Sept. 14, 2009). AFH claims that Olivas' statements regarding Alan Cooper may "unfairly prejudice Plaintiff." (ECF No. 14 p. 3.) But AFH makes no showing that such prejudice would result, or even contend that any of Olivas' other statements will cause prejudice. *Bass v. Miss Porter's Sch.*, No. 08-cv-1807-JBA, 2010 U.S. Dist. LEXIS 503, *2 (D. Conn. Jan. 5, 2010). Failure to show prejudice dooms the motion.

### B. None of AFH's Objections have Merit.

Olivas pleaded counterclaims for abuse of process, copyright misuse, defamation and for a declaratory judgment of non-infringement. The motion to strike does not address the body of the counterclaims but rather certain passages from their prefatory background section concerning: 1) the volume of litigation AFH has generated; 2) the consistency of AFH's litigation methods; 3) AFH's supposed technical expert Peter Hansmeier; and 4) AFH's supposed owner/CEO Alan Cooper. Olivas's unobjectionable factual allegations may not be stricken on any of the grounds AFH raises.

#### 1. The Scope of AFH's Litigation Dragnet is Material and Pertinent.

AFH opposes as irrelevant any mention of how many lawsuits it has filed and how many individuals it has sued. Measured by those filings, AFH is one of the nation's most active copyright litigants, rivaled only by a handful of other pornographers, many of whom are also represented by AFH's law firm Prenda Law.[1] But these lawsuits are massively front-loaded, and terminated as a matter of course at the discovery stage, once AFH's routine motion for pre-hearing discovery is either rebuffed or yields information about alleged infringers sufficient to make contact and demand

---

[1] In *AF Holdings v. Does 1-135,* AFH's counsel, Prenda, was forced to admit that over the past year and a half it had filed 118 multiple defendant cases against 15,878 Doe defendants, but had served exactly zero (0) John Does in any of these cases. *AF Holdings v. Does 1-135,* No. 11-cv-0336-LHK, ECF No. 43-1 pp. 4-6 (Feb. 24, 2012).

settlements.[2] In its hundreds of lawsuits against thousands of defendants, AFH has never submitted any evidence to a court to prove its allegations beyond that required to pursue pre-hearing discovery. These telling facts implicate the validity of AFH's claims, and make the scope of Plaintiff's litigation operation material and pertinent to Olivas' counterclaims for a judgment of non-infringement, and for abuse of process, misuse of copyright, and defamation.

1. **The Methods of AFH's Litigation Dragnet are Material and Pertinent.**

AFH objects to Olivas' discussion of AFH's cookie-cutter complaints: "Movant further attacks the language in Plaintiff's [sic] pleadings." (ECF No. 14 p. 2.) AFH's monolithic approach to thousands of defendants is directly material and pertinent to the objective weakness of its claims against any individual defendant, including Olivas.

2. **AFH's Supposed Technical Expert is Material and Pertinent.**

AFH contends that "Movant [sic] also makes immaterial and impertinent remarks regarding Peter Hansmeier. … Any discussion regarding Peter Hansmeier has no relevance to Plaintiff's claims or Defendant's counterclaims." (ECF No. 14 p. 2.) Mr. Hansmeier filed a declaration in the original action underlying this case. Decl. of Peter Hansmeier in Support of Mot. for Leave to Take Discovery Prior to Rule 26(f) Conference, *AF Holdings, LLC v. Does 1-1,140*, No. 11-cv-01274 (D.D.C. July 25, 2011). In the declaration, Mr. Hansmeier claimed to have observed infringing activity by each of the 1,140 defendants, including Olivas. *Id*. ¶¶ 13-15 & 18-20. Plaintiff obtained Olivas' personally identifying information, based on Mr. Hansmeier's declaration. Order, *id.* (D.D.C. Sept. 8, 2011); see also Order, *id.* (D.D.C. Jan. 30, 2012) (noting Plaintiff's contention that it knew the defendants only by the IP addresses assigned by their ISPs at the time of the alleged infringement).

AFH cannot plausibly deny that Mr. Hansmeier is germane to its case in chief. Especially since Mr. Hansmeier's testimony first implicated Mrs. Janet Olivas, the Defendant's mother and subscriber of the account, as the alleged infringer. The sole basis AFH has cited to link Olivas to any of its claims is Mr. Hansmeier's alleged direct observation of alleged infringing acts. His purported "technical expert" services are directly material to the issue of whether AFH can accurately identify any online infringers based on the IP addresses of certain Internet subscribers.

---

[2] Prenda's plaintiff pornographers pursue pretextual payouts. *See, e.g., Hard Drive Prods., Inc. v. John Doe*, 283 F.R.D. 409, 410-11 (N.D. Ill. 2012); *Millennium TGA, Inc. v. Comcast Cable Commc'ns LLC*, No. 12-mc-00150, 2012 U.S. Dist. LEXIS 88369, *23-25 (D.D.C. June 25, 2012); *Abrahams v. Hard Drive Prods.*, No. 12-cv-01006, 2012 U.S. Dist. LEXIS 75025 (N.D. Cal. May 30, 2012); *Hard Drive Prods., Inc. v. Does 1-90*, No. 11-cv-03825, 2012 U.S. Dist. LEXIS 45509, *8-11 & 16 (N.D. Cal. Mar. 30, 2012); and cases cited therein.

### 3. AFH's Supposed Principal Alan Cooper is Material and Pertinent.

AFH contends that it is "immaterial, impertinent, and scandalous" to allege that AFH and its counsel has fraudulently held out an Alan Cooper as AFH's purported principal. (ECF No. 14 p. 3.) Mr. Cooper purportedly signed the copyright assignment agreement by which AFH claims rights to the copyrighted work at issue in this action. (ECF No. 1-2.) As a result, Mr. Cooper's role in AFH is material and pertinent to whether AFH has standing to bring its copyright infringement claim, and to Olivas's counterclaims of abuse of process, copyright misuse, and defamation, which repeatedly raise the standing issue. (*See, e.g.,* ECF No. 10 p. 12 ¶ 15; p. 14 ¶ 33(a); p. 15 ¶¶ 37-38).

AFH argues that "this conspiracy theory is completely unfounded" and moves to strike on the ground of falsity. (ECF No. 14 p. 3.) AFH may deny Olivas' factual allegations in its answer, but denial is no basis for a motion to strike. "[F]alsity is not a grounds for striking … under Rule 12 [(f)]." *Boyd v. United States*, 861 F.2d 106, 109 (5th Cir. 1988). A motion to strike under Rule 12(f) on the ground "that some of the allegations are 'patently untrue' … is not a proper 12(f) ground, and verges on impertinence itself." *Kinee v. Abraham Lincoln Fed. Sav. & Loan Ass'n*, 365 F. Supp. 975, 982 (E.D. Pa. 1973). "Generally … a statement's mere falsity does not justify striking it from a pleading; it must also fit within one of the categories of objectionable matter enumerated by Rule 12 (f)." *Archdiocese of San Salvador v. FM Int'l, LLC*, No. 05-cv-237, 2006 D.N.H. 102, *13 (D.N.H. Sept. 7, 2006) (*citing inter alia* Wright & Miller § 1382). "Moreover, because a complaint is not submitted to the jury, the danger of unfair prejudice is minimal." *McCrae Assocs., LLC v. Universal Capital Mgmt.*, 554 F. Supp. 2d 249, 257 (D. Conn. 2008) (citing *Schutz v. Northeast Mortg. Corp.*, No. 05-cv-423-MRK, 2005 U.S. Dist. LEXIS 15983, *2 (D. Conn. July 27, 2005); *Nat'l Council of Young Israel v. David Wolf, et al.*, 963 F.Supp. 276, 282 (S.D.N.Y. 1997) ("Inasmuch as the Court does not submit pleadings to the jury in civil cases, it is difficult to see how a defendant is prejudiced by the presence in the complaint of material such as that at issue here.").

Olivas' allegations are far from a mere "theory." As Olivas detailed, Mr. Cooper is the former caretaker for John Steele, an attorney at AFH's law firm Prenda Law, and Mr. Cooper has disavowed his supposed role in or knowledge of AFH. (*See,* ECF No. 10 p. 12 ¶ 13).

> "At the center of this issue is the identity of a person named Alan Cooper and the validity of the underlying copyright assignments. If it is true that Alan Cooper's identity was misappropriated and the underlying copyright assignments were improperly executed using his identity, then Plaintiff faces a few problems.

> First, with an invalid assignment, Plaintiff has no standing in these cases. Second, by bringing these cases, Plaintiff's conduct can be considered vexatious, as these cases were filed for a facially improper purpose. And third, the Court will not idle while Plaintiff defrauds this institution."

*Ingenuity 13 LLC v. John Doe*, No. 12-cv-08333-ODW-JC, ECF No. 48, p. 9 (C.D. Cal. Feb. 7, 2013) (Order to Show Cause Re Sanctions for Rule 11 and Local Rule 83-3 Violations). See also, *Id.,* ECF No. 52 (Feb. 19, 2013) (Putative John Doe's Response to Order to Show Cause); *Id.*, ECF No. 53 (Feb. 20, 2013) (Supplemental Declaration of Morgan E. Pietz). Attached hereto (without their exhibits), as Exhibit A and Exhibit B, respectively.

### 4. Olivas' Counterclaims may Not be Stricken as Scandalous.

AFH further contends that Olivas' allegations concerning Alan Cooper are "scandalous." (ECF No. 14 p. 3.) AFH does not offer grounds to strike on that basis.

Scandalous matter is that which improperly casts a derogatory light on someone. *In re Starbrite Props. Corp.*, No. 11-40758-CEC, 2012 Bankr. LEXIS 2599, *20 (Bankr. E.D.N.Y. June 5, 2012); Wright & Miller § 1382. Even so, "courts will not strike scandalous statements that offend the sensibilities of the objecting party if the challenged allegations describe acts or events relevant to the action." *Id.* (quoting Wright & Miller § 1382). Statements that are relevant to a *bona fide* legal claim should not be stricken as scandalous. *Id.* at *21 (applying 11 U.S.C. § 107(b) and noting its similarity to Rule 12(f); citing *In re Gitto Global Corp.*, No. 05-cv-10334, 2005 U.S. Dist. LEXIS 7918, *29 n. 9 (D. Mass. May 5, 2005).

> "Thus [Defendant]'s use of the words "scam", "hook", "mark", "flimflam", "conning", "con-artist", "badgered", "outrageous", and "egregious" as well as the [Defendant]'s suggestion that certain acts may have "precipitated" her "death," may be hyperbolic and even inappropriate, but "inappropriately hyperbolic allegations, ill-conceived attempts at levity, and other similar manifestations of bad judgment in drafting pleadings, by themselves, fall short of the threshold that Rule 12 contemplates."

*Schutz v. Northeast Mortg. Corp.,* No. 05-cv-423-MRK, 2005 U.S. Dist. LEXIS 15983, *2 (D. Conn. July 27, 2005) (citing *Saylavee LLC v. Hockler*, 228 F.R.D. 425, 426 (D. Conn. July 27, 2005).

AFH prefers not to face Olivas' allegations, but its motion offers no reason why it should not be held accountable for its own misrepresentations concerning Mr. Cooper.

6

### III. CONCLUSION

For the foregoing reasons, Defendant/Counterplaintiff Sandipan Olivas respectfully requests that Plaintiff/Counterdefendant AFH Holdings, LLC's motion to strike portions of Olivas' counterclaims be denied in its entirety.


Dated: February 22, 2013                    Respectfully,

                                            _____
                                            Jason E. Sweet (BBO# 668596)
                                            Email: jsweet@boothsweet.com
                                            BOOTH SWEET LLP
                                            32R Essex Street
                                            Cambridge, MA 02139
                                            Tel.: (617) 250-8602
                                            Fax: (617) 250-8883

                                            *Counsel for Elliot Olivas*


### CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2013, the foregoing document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be served via first-class mail to those indicated as non-registered participants.

_____
Jason E. Sweet