UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AF HOLDINGS, LLC, | ) |
| Plaintiff/Counter-Defendant, | ) |
| v. | ) Civil Action No. 3:12-cv-01401-JBA |
| ELLIOT OLIVAS, | ) |
| Defendant/Counter-Plaintiff. | ) |

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE OF AN ORDER FILED IN A RELATED PROCEEDING**

Pursuant to Federal Rule of Evidence 201, Defendant/Counterplaintiff Sandipan Chowdhury ("Defendant") respectfully requests that the Court take judicial notice of the Order Issuing Sanctions, filed in a related matter involving Plaintiff AF Holdings, LLC ("Plaintiff"). *Ingenuity 13, LLC v. John Doe*, No. 12-cv-08333 (C.D. Cal. May 6, 2013) ("Order"). The Order, a true and accurate copy of which is attached hereto as Exhibit A, provides further support for Defendant's counterclaims (ECF No. 10).

**I. LEGAL STANDARD**

Under Federal Rule of Evidence 201(b)(2), the Court is entitled to take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice, whether requested or not, at any stage of the proceeding. Fed. R. Evid. 201(c); (f). Judicial notice is mandatory when properly requested by a party who supplies the Court with the necessary information. Fed. R. Evid. 201(d). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 (S.D.N.Y. 1998). "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425 (2d Cir. 2008).

## II. ARGUMENT

The Order is a public record filed in federal court in California. Its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" Fed. R. Evid. 201(b)(2). As such, its existence is properly the subject of judicial notice.

In his counterclaims, Defendant alleges that Plaintiff and its counsel, Prenda Law, appeared to be engaged in widespread fraud. (ECF No. 10, p. 11 ¶¶12-14). On May 6, 2013, those allegations were proven true.

> Steele, Hansmeier, and Duffy ("Principals") are attorneys with shattered law practices. Seeking easy money, they conspired to operate this enterprise and formed the AF Holdings and Ingenuity 13 entities (among other fungible entities) for the sole purpose of litigating copyright-infringement lawsuits. They created these entities to shield the Principals from potential liability and to give an appearance of legitimacy.

*Ingenuity 13,* at p.3 ¶ 1.

> Plaintiffs have demonstrated their willingness to deceive not just this Court, but other courts where they have appeared. Plaintiffs' representations about their operations, relationships, and financial interests have varied from feigned ignorance to misstatements to outright lies. But this deception was calculated so that the Court would grant Plaintiffs' early-discovery requests, thereby allowing Plaintiffs to identify defendants and exact settlement proceeds from them. With these granted requests, Plaintiffs borrow the authority of the Court to pressure settlement.

*Id.,* at p.5 ¶ 11.

These findings of fact are directly pertinent to the matters at hand. Defendant has actively defended himself from Plaintiff's attempts to obtain settlement from him. If those attempts were tainted by collusion and fraud, they were vexatious, and further warrant the relief requested in Defendant's counterclaims.

## III. CONCLUSION

WHEREFORE, Defendant Chowdhury respectfully requests that the Court take judicial notice of the Exhibit attached hereto, and grant Defendant such other and further relief to which he is entitled.

Dated: May 8, 2013                         Respectfully,

/s/ Jason E. Sweet

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139

Tel.: (617) 250-8619  
Fax: (617) 250-8883  
Email: jsweet@boothsweet.com

## CERTIFICATE OF SERVICE

I hereby certify that on this May 8, 2013, I electronically filed the foregoing Defendant's Request for Judicial Notice of an Order Filed in a Related Proceeding, by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for Plaintiff as identified on the Notice of Electronic Filing.

/s/ Jason E. Sweet