**BOOTH SWEET LLP**

32R Essex Street  Cambridge, MA 02139
T: 617.250.8602  |  F: 617.250.8883  |  www.boothsweet.com

April 3, 2013

*Sent via email and certified mail.*

Daniel G. Ruggiero, Esq.
P.O. Box 291
Canton, MA 02021
Telephone: (339) 237-0343
Fax: (339) 707-2808
druggieroesq@hotmail.com

**RE:** *AF Holdings, LLC v. Elliot Olivas*, No. 3:12-cv-01401-JBA (D. Conn. Oct. 1, 2012)

Atty. Ruggiero:

      In preparation of Rule 26(f) conference, I would like to set forth our thinking on the initial disclosures that are required under Rule 26(a)(1). Mutual disclosures are more useful if you and I can exchange views prior to having the Rule 26(f) meeting of counsel. With that in mind, let me outline some of the information that we are going to be looking to AF Holdings to provide under Rule 26.

      As an initial matter, a Corporate Party Disclosure was filed at the outset of this matter (ECF No. 1-3) which states that "AF Holdings, LLC does not have a parent corporation that owns 10% or more of its stock." However, Paul Hansmeier, a corporate representative of AF Holdings, testified in a deposition dated February 19, 2013 that AF Holdings is, and always has been, owned by an undefined beneficiary trust.

> Q: Is it your testimony that this trust owns more than 10 percent of AF Holdings' stock?
>
> A: AF Holdings is owned in whole by the trust.

*Ingenuity13, LLC v. John Doe*, No. 2:12-cv-08333-ODW-JC, ECF No. 69-1 at pp. 41-42 (C.D. Cal. Filed 03/06/13).

> A: Again, my testimony is that AF Holdings for its existence has been owned by a trust.

*Id*. at 49.

      We would appreciate it if AF Holdings could reconcile the statements of its representative with the disclosure filed with this Court.

A) **Rule 26(a)(1)(i)** concerns names, addresses and telephone numbers of individuals likely to have discoverable information. Because this lawsuit concerns copyright infringement, we will require the names, addresses and telephone numbers of the officers and directors of AF Holdings, its parent corporation or owner, the copyright assignor and of each employee or agent (whether deemed to be an independent contractor or not) who has knowledge of the subject matter of this litigation and/or who will be supporting any affirmative defense to our counterclaims. We will also require the names, addresses and telephone numbers of any third party with whom any

communication occurred with respect to the monitoring and investigating of the accused infringement.

B) **Rule 26(a)(1)(ii)** looks to documents, data and compilations. In this regard, we expect AF Holdings, its parent corporation or owner, and each employee or agent to be identifying and producing all documents, as broadly defined, that refer, reflect or in any way relate to the alleged infringement that occurred on April 12, 2011 at 12:46:14 AM UTC as well as any allegedly infringing conduct that took place before and after this date and time attributable to either Elliot Olivas or IP address 174.62.189.44. We will also want to view documents that support any affirmative defense.

We will also want produced any email communications that refer, reflect, or in any way relate to the accused infringement. In this regard, we will expect to have access to any computer, server or network, and any stand alone hard drives that AF Holdings, its parent corporation or owner, and each employee or agent used to monitor, track, document and investigate the alleged infringement. We will also expect identification of all computer operating systems and application programs used by AF Holdings, its parent corporation or owner, and each employee or agent for the creation and implementation of any tracking software and the data files associated with those programs, whether or not claimed by AF Holdings to have been used in the monitoring, tracking, documentation of the alleged infringement.

C) **Rule 26(a)(1)(iii)** addresses damages. Realizing that damages to the plaintiff in any copyright suit are difficult to assess at the outset, until the scope of the likely infringement is known, we expect disclosure of all sales records of Sexual Obsession, and all financial records of AF Holdings and its parent corporation or owner for the past five (5) years, and all tax returns, both state and federal, financial statements, and internal management accounting reports for the same period time. These records will also include any and all settlements collected by AF Holdings, its parent corporation or owner, and its agents for the infringement of Sexual Obsession in the last five year period and any and all financial records associated with the collected settlements.

Because AF Holdings is an offshore corporation with no identifiable assets, we would also require a complete inventory (including location, ownership and value) of AF Holding's assets and those of its parent corporation or owner, to satisfy any judgment we may receive. If AF Holdings is unable or unwilling to do so, we will have no choice but to file a motion for bond with the Court pursuant to D. Conn. L.R. 83.3(a).

D) **Rule 26(a)(1)(iv)** requires the production of any insurance agreement which may be called upon to satisfy any judgment. We would appreciate a copy of all insurance policies of AF Holdings.

The information requested is a starting point and is in no way exhaustive of the list of disclosures we expect to receive pursuant to Rule 26(f). I trust this letter will assist you when reviewing your client's discoverable information and preparing for our Rule 26(f) conference. I will be available at your convenience to work with you to complete our initial disclosures and prepare a Joint Status Report.

Sincerely,

Jason Sweet