UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AF HOLDINGS, LLC,
    *Plaintiff*,
    *v.*
ELLIOT OLIVAS,
    *Defendant*.

Civil No. 3:12-cv-01401 (JBA)

August 16, 2013

**RULING ON MOTION TO STRIKE**

On October 1, 2012, Plaintiff AF Holdings, LLC brought suit against Defendant Elliot Olivas for copyright infringement, contributory infringement, and civil conspiracy arising out of Defendant's alleged file sharing of a pornographic video in which Plaintiff claims a copyright interest. (Compl. [Doc. # 1] ¶ 1.) On January 25, 2013, Defendant filed his Answer to the Complaint, asserting counterclaims for a declaratory judgment of non-infringement, abuse of process, copyright misuse, and defamation based largely on allegations of Plaintiff's fraudulent activity and abusive litigation. (Countercl. [Doc. # 10] ¶¶ 22, 24–31, 37, 52–57.) Plaintiff moves [Doc. # 14] to strike the portions of Defendant's counterclaims that describe the number of individuals against whom Plaintiff previously has brought suit, the similarity of Plaintiff's pleadings here compared with its pleadings in its other cases, and the Defendant's allegations concerning Plaintiff's expert, Peter Hansemeier, and Plaintiff's principal, Alan Cooper.[1] (Pl.'s Mot. to Strike at 2–3.) For the reasons discussed below, Plaintiff's motion to strike is denied.

---

[1] In conjunction with the motion to strike, Plaintiff also moved [Doc. # 15] to dismiss the counterclaims for failure to state a claim for which relief could be granted. This motion was denied without prejudice to renew for failure to comply with the Court's pre-filing conference requirement. (*See* Order [Doc. # 16].) A pre-filing conference was subsequently held, and the Court ordered that Plaintiff's renewed motion to dismiss be

I.      **Background**

   A.  **Plaintiff's Factual Allegations**

Plaintiff is a limited liability company organized and existing under the laws of Saint Kitts and Nevis. (Compl. ¶ 2.) Plaintiff claims to own the copyright to the adult pornographic video "Sexual Obsession" (the "Video") pursuant to an assignment agreement dated June 12, 2011 between Heartbreak Films and AF Films, LLC. (*Id.* ¶ 19; Copyright Assignment Agreement, Ex. B. to *id.*)  On April 12, 2011, Plaintiff's investigators detected Defendant's IP address in a BitTorrent swarm whose computers were collectively sharing files.[2] (Compl. ¶¶ 23–24.) Defendant's computer was downloading a file containing the Video, (*id.* ¶ 29), and Plaintiff claims that Defendant continues to publish the Video to others through the BitTorrent file transfer protocol. (*Id.* ¶ 38.)

   B.  **Defendant's Counterclaims**

In his counterclaims, Defendant alleges fraudulent behavior and a pattern of abusive litigation by Plaintiff to force unwarranted settlements from thousands of alleged copyright infringing John Does. (*See generally*, Countercl.) Defendant alleges that Plaintiff may not actually exist and that Plaintiff's attorneys may be the actual parties in interest in this case, (*see id.* ¶ 15), as demonstrated by the fact that plaintiff's sole principal is Alan Cooper, who "acted as caretaker for a Minnesota property owned by an attorney by the name of John Steele." (*Id.* ¶ 12 (quoting *AF Holdings, LLC v. Doe*, No. 12-CV-02687 (RHK) (JJG), ECF No. 11 (D. Minn. Nov. 29, 2012).) Defendant alleges that

---

filed by April 19, 2013. (*See* Scheduling Order [Doc. # 23] ¶ 2.) To date, such motion has not been filed.

   [2] A BitTorrent swarm is a group of individuals whose computers are connected to download and share a particular file that has been broken into smaller pieces for faster download. (Compl. ¶¶ 11–13.)

Plaintiff is represented by Prenda Law, Inc., also known as Steele Hansemeier PLLC, of which John Steele is a partner. (*Id.* ¶ 7.)

Defendant further alleges that Plaintiff first brought this claim against Defendant in an action filed on June 7, 2011 against 1,140 individuals, including Defendant, in the United States District Court for the District of Columbia (*id.* ¶ 6), and that Plaintiff has filed over 200 actions using substantially identical complaints (*id.* ¶ 7), which were followed by ex parte applications in which Plaintiff sought leave of the court to issue subpoenas to Internet Service Providers for information identifying alleged infringers. (*Id.*) These applications were supported by declarations from Peter Hansemeier who claims to be a computer expert and is the brother of Paul Hansemeier, another attorney at Prenda Law, Inc. (*Id.* ¶ 7, n. 2.) Plaintiff voluntarily dismissed its complaint against all defendants in the District of Columbia action on February 2, 2012. (*Id.* ¶ 8.)

Defendant alleges that after Plaintiff filed the instant suit (*id.* ¶ 28), Plaintiff contacted Defendant's family to urge settlement, having posted the Complaint against Defendant on Prenda Law, Inc.'s website in an attempt to "extort" Defendant (*id.* ¶ 29). Portions of the posted material Plaintiff went beyond the allegations in the Complaint, including that Defendant is accused of "various civil *and criminal acts* against [Plaintiff]." (*Id.* ¶¶ 56–58 (emphasis in original).) Plaintiff also allegedly hyperlinked Defendant's name on Plaintiff's counsel's website in order to increase search engine results for Defendant's name. (*Id.* ¶ 60.)

Defendant alleges that Plaintiff failed to disclose and actively concealed information concerning its standing as purported owner of the Video's copyright, its ulterior motives and attempts to extort unwarranted settlements, and the lack of legal basis for its claims. (*Id.* ¶¶ 32–33.) Defendant further alleges that Plaintiff is not a party

3

to the purported copyright assignment between Heartbreak Films and AF Films, LLC (*id.* ¶ 39; *see also* Copyright Assignment Agreement), and even if Plaintiff can prove its ownership of the copyright, Defendant's alleged infringement occurred in April, 2011 before the copyright was assigned in June, 2011. (*Id.* ¶ 43.) Defendant also alleges that Plaintiff's claim is barred because the copyright assignment made no express provision assigning claims for past infringements, (*id.* ¶¶ 42, 46,) and that Plaintiff threatened Defendant with damages of up to $150,000, even though it knew that statutory damages were unavailable, (*id.* ¶¶ 24, 41).

## II.   Discussion

"Pursuant to Fed. R. Civ. P. 12(f), the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Johnson v. M & M Commc'ns, Inc.*, 242 F.R.D. 187, 189 (D. Conn. 2007) (internal citations and quotation marks omitted). However, "Rule 12(f) motions are disfavored," *id.*, and whether to grant such a motion is "within the district court's sound discretion," *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008). "A [party] moving to strike portions of a [pleading] must state with particularity the grounds for its motion. . . ." *Anderson v. Davis Polk & Wardwell LLP*, 850 F. Supp. 2d 392, 416 (S.D.N.Y. 2012) (internal citations and quotation marks omitted).

Plaintiff moves to strike as immaterial and impertinent, scandalous, and false, portions of Defendant's counterclaims relating to (1) Plaintiff's previous copyright infringement litigation, (2) Plaintiff's nearly identical pleadings filed in other suits, (3) allegations concerning Peter Hansemeier, and (4) allegations concerning Alan Cooper. (Pl.'s' Mot. to Strike at 2–3.)

### A. Immaterial and Impertinent

"In order to determine whether the allegations in the [counterclaim] are relevant, the Court must view them in the context of the [Defendant's] [counterclaims]." *Lynch v. Southampton Animal Shelter Found. Inc.*, 278 F.R.D. 55, 63 (E.D.N.Y. 2011). "[I]t is settled that the motion [to strike on the ground that the matter is impertinent and immaterial] will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." *Id.* A 12(f) motion to strike on the grounds of immateriality and impertinence should be denied unless the movant "clearly show[s] that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant." *Lamoureux*, 250 F.R.D. at 102–03 (internal citations and quotations omitted). "If there is any doubt as to the possibility of relevance, a judge should err on the side of denying a Rule 12(f) motion, especially if the presence of the material at issue does not prejudice the moving party." *Schramm v. Krischell*, 84 F.R.D. 294, 299 (D. Conn. 1979) (citing *Moore's Federal Practice*).

#### 1. Plaintiff's Previous Litigation and Pleadings

Defendant's third counterclaim is for misuse of copyright. While the availability of copyright misuse as an independent counterclaim rather than a defense is unsettled, *see Lava Records, LLC v. Amurao*, 354 F. App'x 461, 463 (2d Cir. 2009) (declining to create an independent claim for copyright misuse), "[w]here [] misuse-of-copyright [] is recognized, a defendant may prove copyright misuse by either proving (1) a violation of the antitrust laws, or (2) that the copyright owner otherwise illegally extended its

5

monopoly or violated the public policies underlying the copyright laws." *Soc'y of Holy Transfiguration Monastery, Inc. v. Gregory*, 689 F.3d 29, 65 (1st Cir. 2012) *cert. denied*, 133 S. Ct. 1315, 185 L. Ed. 2d 195 (U.S. 2013) (internal citation and quotation marks omitted).

The Seventh Circuit recognized that the misuse of copyright doctrine applies to circumstances similar to those alleged in Defendant's counterclaims:

> The argument for applying copyright misuse beyond the bounds of antitrust, besides the fact that confined to antitrust the doctrine would be redundant, is that for a copyright owner to use an infringement suit to obtain property protection. . . that copyright law clearly does not confer, hoping to force a settlement or even achieve an outright victory over an opponent that may lack the resources or the legal sophistication to resist effectively, is an abuse of process.

*Assessment Technologies of WI, LLC v. WIREdata, Inc.*, 350 F.3d 640, 647 (7th Cir. 2003). This analysis indicates that Defendant's allegations concerning the nature and extent of Plaintiff's previous copyright infringement litigation and the nearly identical complaints against many other individuals may be relevant to his copyright misuse counterclaim. By alleging a pattern of unsubstantiated, virtually identical suits followed by Plaintiff's solicitation of settlement (*id.* ¶¶ 7, 33, 37, Def.'s Opp. at 3–4), Defendant asserts facts that may support a copyright misuse claim.

While "[r]eferences to other litigation and the context in which they are made, are improper and irrelevant when they are asserted in an unrelated [pleading] before the court," *Kent v. AVCO Corp.*, 815 F. Supp. 67, 71 (D. Conn. 1992) (internal citations and quotations omitted) (granting motion to strike on the grounds that portions of complaint mentioning unrelated cases to which the defendant was a party were prejudicial), "the Rule 12(f) motion may not be utilized to directly strike allegations which supply background or historical material or which are of an evidentiary quality unless unduly

6

prejudicial to defendant," *S.E.C. v. Toomey*, 866 F. Supp. 719, 722 (S.D.N.Y. 1992) (internal citations and quotation marks omitted). "Facts bearing upon defendant's 'course of conduct' may carry weight." *Fuchs Sugars & Syrups, Inc. v. Amstar Corp.*, 402 F. Supp. 636, 637 (S.D.N.Y. 1975) (denying motion to strike from pleading statements referencing a previous case when used to support claims about opposing party's intent).

In *Reiter's Beer Distributors, Inc. v. Christian Schmidt Brewing Co.*, 657 F. Supp. 136 (E.D.N.Y. 1987), a suit by a beer distributor against a brewer alleging antitrust violations, the court granted the defendant's motion to strike references to antitrust litigation in the beer industry to which the defendant was not a party, concluding that such allegations "prejudice[d] the defendant by implication and innuendo." *Id.* at 145. It also struck references to a previous suit against defendant that concerned a statute of frauds issue that did not support plaintiff's allegation of "a pattern of disregard for the antitrust laws." *Id.*

Unlike the pleadings at issue in *Reiter's Beer Distributors*, the challenged allegations here concern litigation previously brought by Plaintiff with identical claims which are offered to establish a pattern of litigation abuse bearing on Defendant's misuse of copyright claim. Thus, the extent of Plaintiff's previous litigation and the form of its previous complaints may be relevant and related to the matter before the Court, are not unduly prejudicial, and should not be struck on the grounds of immateriality at this stage.

   2. Peter Hansemeier and Alan Cooper

Defendant's first counterclaim is for a declaratory judgment of non-infringement. Peter Hansemeier's involvement in this suit is relevant to that claim because "the sole basis [Plaintiff] has cited to link [Defendant] to any of its [infringement] claims is Mr. Hansemeier's alleged direct observation of alleged infringing acts," (Def.'s Opp. at 4), and

7

that Hansemeier's role is directly related to the "issue of whether Plaintiff can accurately identify any online infringers based on the IP addresses of certain Internet subscribers." (Def.'s Mem. at 4.)  Further, it is clear that Alan Cooper's role in AF Holdings, Inc. is relevant to Defendant's non-infringement counterclaim because Alan Cooper is purported to be signatory for AF Holdings LLC on the Copyright Assignment Agreement conveying Plaintiff's asserted property interest.  (*See* Copyright Assignment Agreement.) Thus, the allegations involving these two individuals appear relevant to Defendant's counterclaims and should not be struck as immaterial or impertinent.

> B. **Scandalous**

"Even where matter in a pleading is relevant to the controversy, it nonetheless may be stricken if it is scandalous or set out in 'needless detail.'" *Tucker v. Am. Int'l Grp., Inc.,* No. 3:09-CV-1499 (CSH), 2013 WL 1294476, at *11 (D. Conn. Mar. 28, 2013).  "A scandalous allegation is one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Cabble v. Rollieson*, No. 04-CV-9413 (LTS) (FM), 2006 WL 464078, at *11 (S.D.N.Y. Feb. 27, 2006) (internal citation omitted).

Plaintiff moves to strike allegations concerning Alan Cooper and its previous litigation as scandalous, (Pl.'s Mot. to Strike at 2), but does not argue that Defendant's assertions "reflect[] unnecessarily on [Plaintiff's] moral character" or "use[] repulsive language." *Cabble*, 2006 WL 464078, at *11.  Plaintiff offers no support for its assertion that these allegations are scandalous, *see Lamoureux*, 250 F.R.D. at 103 (stating that the 12(f) movant bears the burden of showing prejudice), and nothing in these allegations rises to a form of moral attack which courts recognize as warranting the grant of a 12(f) motion.  *See, e.g.*, *Arias-Zeballos v. Tan*, No. 06-CV-1268 (GEL), 2006 WL 3075528, at *10

(S.D.N.Y. Oct. 26, 2006) (striking pleadings concerning defendant's decision to hire a personal trainer and the amount she paid for her apartment because they related to her personal affairs and had "no conceivable relationship" to plaintiff's claim for breach of oral employment contract); *Cruz v. Oxford Health Plans, Inc.*, No. 03-CV-8863 (LTS) (JCF), 2004 WL 2609528, at *2 (S.D.N.Y. Nov. 17, 2004) (striking as scandalous pleadings relating to a consensual affair between plaintiff's supervisor and a third-party because the affair post-dated plaintiff's termination and thus had no relevance to his hostile work environment claim); *Parrish v. Sollecito*, No. 01-CV-5420 (VM), 2002 WL 1072227, at *1–2 (S.D.N.Y. May 28, 2002) (striking as scandalous pleadings relating to Defendant's extra-marital affair in hostile work environment claim). Plaintiff fails to establish how the contested allegations are "scandalous," and while these allegations may suggest some type of fraud or misbehavior by Plaintiff, these assertions go to the heart of Defendant's counterclaims. Therefore, the contested allegations will not be struck on the grounds that they are scandalous.

### C. Falsity

Plaintiff argues that Defendant's allegations concerning Alan Cooper should be struck on the grounds that they constitute an "unfounded conspiracy theory." The falsity of an allegation, however, is not a ground to support a motion to strike. S*ee Fleischer v. A. A. P., Inc.*, 180 F. Supp. 717, 721 (S.D.N.Y. 1959). Further, even if falsity was a proper ground on which to grant a motion to strike, it is not established that the allegations regarding Alan Cooper are false. *See Ingenuity 13 LLC v. Doe*, No. 2:12-CV-8333 (ODW), 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2012) (finding Alan Cooper is not an officer of AF Holdings, his identity was stolen, and his signature was fraudulently appropriated in

9

the copyright assignment for "Popular Demand").[3]  Therefore, the Court will not strike the allegations regarding Mr. Cooper on the ground that they are false.

### III.    Conclusion

For the reasons stated above, Plaintiff's Motion [Doc. # 14] to Strike is DENIED.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 16th day of August, 2013.

---

[3] The Court may take judicial notice of *Ingenuity 13 LLC v. Doe*, No. 2:12-CV-8333 (ODW), 2013 WL 1898633 (C.D. Cal. May 6, 2012).  "[C]ourts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).  Thus, the Court recognizes that Alan Cooper's relationship with AF Holdings, LLC was previously litigated and presents a genuine factual controversy.