FILED

2013 NOV 12 PM 2 58

U.S. DISTRICT COURT
NEW HAVEN, CT.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br> v. <br><br> ELLIOT OLIVAS, <br><br> Defendant. | Civil Action No. 3:12-cv-01401-JBA |

### JOHN STEELE'S MOTION TO DISMISS
### DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

John Steele respectfully asks that the Court to Dismiss Defendant's Motion for Default Judgment. Steele was never designated as a party to the action or served with process. Defendant's Motion for Default against Steele and other non-parties who have no involvement with this case, has never been a party in this case, and has never been served with any documents in this case, is improper.

Respectfully submitted,

DATED: November 7, 2013

By: _____
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
(786) 571-8131
*Pro se*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 7, 2013, all individuals of record where served with a true and correct copy via U.S. Mail of the foregoing documents, and all attachments and related documents.

_____
John Steele

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2013 NOV 12 PM 2 58

U.S. DISTRICT COURT
NEW HAVEN, CT.

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br> v. <br><br> ELLIOT OLIVAS, <br><br> Defendant. | Civil Action No. 3:12-cv-01401-JBA |

### JOHN STEELE'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S MOTION FOR DEFAULT JUDGMENT

Non-party John Steele submits this Memorandum of Law in Support of His Motion to Dismiss Defendant's Motion for Default Judgment. Steele respectfully moves to dismiss Defendant's Motion for Default Judgment to the extent that it seeks to hold Steele liable. The Court should grant Steele's motion because: (1) the Court lacks personal jurisdiction over him and; (2) Defendant's counterclaims fail to state a claim against Steele.

### I.   FACTS

This is not the first time that Defendant's counsel has attempted to obtain a fraudulent judgment against Steele and others who have no involvement in a particular case. In a case pending in the U.S. District Court for the District of Massachusetts, *AF Holdings LLC v. Sandipan Chowdhury*, No. 1:12-cv-12105 (D. Mass.), Defendant's counsel successfully achieved a default judgment against AF Holdings, but in a subsequent filing fraudulently induced the Court to add *five* other non-parties to the default judgment, including Steele. None of these non-parties had been named or served with process. A motion to vacate that judgment as void is currently pending in that matter. In a case pending in the U.S. District Court for the Southern

District of Illinois, *Lightspeed Media Corp. v. Smith et al*, No. 1:12-cv-889 (S.D. Ill.), Defendant's counsel filed a motion for attorneys' fees against Steele and others, but did not serve the motion on Steele. The Court granted the motion, and Steele promptly filed a motion to vacate the award, which is also currently pending. Counsel for Defendant appears to be filing motions for default judgment against Steele across the country in cases that Steele has no relationship to.

In this matter, AF Holdings filed its complaint on October 1, 2012, against Defendant Elliot Olivas. (Docket 1.) Defendant answered and counterclaimed against Plaintiff. (Docket 10.) After Plaintiff's motion to dismiss (Docket 15) was denied (Docket 16), Plaintiff failed to answer Defendant's counterclaims. On July 25, 2013, the Defendant moved for an entry of default as to AF Holdings. (Docket 28) and that request was granted on August 30, 2013. (Docket 34.) On October 25, 2013, Defendant moved for default judgment against AF Holdings, but also non-parties John Steele, Mark Lutz, Paul Duffy, John Steele, Prenda Law, Inc. (Docket 38.) Steele has not been served with a single paper filed in this proceeding.

## II. ARGUMENT

The Court should dismiss Defendant's Motion for Default Judgment because the Court lacks personal jurisdiction over Steele. Proper service of process is a prerequisite to a Court's exercise of personal jurisdiction, but Steele has not been served with a single paper. The Motion for Default Judgment should be dismissed for the additional reason that Defendant's counterclaims do not state a claim against Steele.

### A. The Court Lacks Personal Jurisdiction Over Steele

#### 1. Steele Was Not Served With Process.

Proper service of process is a prerequisite to a federal court's exercise of personal jurisdiction:

2

> Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. … [T]here must be more than notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quotation omitted). *See also Dynergy Midstream Servs., L.P. v. Trammochem*, 451 F.3d 89, 91 (2nd Cir. 2006) (vacating order for lack of personal jurisdiction due to improper service); *Williams v. Jones*, 11 F.3d 247, 254-55 n.11 (1st Cir. 1993) (vacating judgment and remanding for service of process).

Proper service is also a prerequisite to an entry of default judgment. *See, e.g., Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (ruling that before entering default judgment, a district court must address the threshold issue of whether it has personal jurisdiction over the parties). A party has no duty to plead until properly served; once service is challenged, it is the plaintiff's burden to prove proper service. *Rivera-Lopez v. Municipality of Dorado*, 979 F.2d 885, 887 (1st Cir. 1992). Actual knowledge of a lawsuit is insufficient. *Omni Capital*, 484 U.S. at 104; *Precision Etchings & Findings, Inc. v. LGP Gem, Ltd.*, 953 F.2d 21, 24 (1st Cir. 1992).

In this case, there is no evidence in the record that would suggest Steele has been served with a single paper, and indeed Steele has not been served with any paper. Absent proper service, the court may not exercise jurisdiction, and may not grant a default judgment.

2. <u>Defendant's Counterclaims Fail To Allege Facts To Support Personal Jurisdiction.</u>

General jurisdiction refers to the authority of a court to hear any cause of action involving a defendant who has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). Defendant's counterclaims

3

are devoid of any allegations with respect to Steele having "continuous and systematic" contacts with Connecticut. In fact, Steele has never been to the state of Connecticut.

Long-arm statutes confer "specific" jurisdiction over a defendant when the requirements of the forum state's long-arm statute are satisfied, the defendant has established minimum contacts with the forum state by purposefully availing itself of the benefits of the forum, the claims relate to those minimum contacts, and the exercise of personal jurisdiction would not offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985). Steele is a citizen of Florida who has never resided in Connecticut, nor has Defendant alleged as much. Consequently, only Conn. Gen. Stat. § 52-59b(a) need be considered to determine whether there is state long-arm jurisdiction over Steele. The statute provides that a Connecticut court may exercise personal jurisdiction over a non-resident individual for a claim arising out of the following acts by that non-resident individual:

> (1) Transacts any business within the state; (2) commits a tortious act within the state…; (3) commits a tortious act outside the state causing injury to person or property within the state…if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

Conn. Gen. Stat. § 52-59b(a). None of these provisions apply—or are even alleged in Defendant's counterclaims to apply to Steele. It is unnecessary to rebut Defendant's allegations regarding a basis for personal jurisdiction over Steele, because no such allegations even exist.

**B.      Defendant's Counter-Claims Do Not State A Claim Against Steele**

It is a principle of general application in Anglo-American jurisprudence that one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party...." *Hansberry v. Lee*, 311 U.S. 32, 40 (1940). "A Judgment rendered in such circumstances is not entitled to the full faith and credit which the Constitution and statute of the United States prescribe, and judicial action enforcing it against the person or property of the absent party is not that due process which the Fifth and Fourteenth Amendments require." *Id.* at 40-41.

Fed. R. Civ. P. 55(a) reads:

> When a *party* against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the *party's* default.

(emphasis added).

The docket reflects that the only parties to this action are AF Holdings, LLC and the Defendant. The only person whom the clerk entered default against was AF Holdings LLC. Yet, contrary to the foregoing Supreme Court precedent and the plain language of Rule 55, Defendant sought a default judgment against not only AF Holdings, but five non-parties, including Steele. A default judgment entered against a non-party is void; as such, the judgment as to the non-parties, including Steele, must be vacated. *Hansberry*, 311 U.S. at 40. Unlike other Rule 60(b) grounds, a motion under Rule 60(b)(4) leaves no room for discretion: if the judgment is void, the Court will inevitably vacate it. *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988). *See also* 11 Wright, Miller & Kane, *Federal Practice & Procedure* § 2862 (2d ed.) ("Either a judgment is void or it is valid [and] ... when that question is resolved, the court must act accordingly.").

Defendant's counterclaims, standing alone, do not support a judgment against Steele in his individual capacity. *See Marshall v. Baggett*, 616 F.3d 849, 853-54 (8th Cir. 2010) (vacating default judgment where complaint failed to assert a theory for imposing personal liability on a

5

corporate officer); *see also Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206-07 (5th Cir. 1975) ("There must be a sufficient basis in the pleadings for the judgment entered.")

## CONCLUSION

For the foregoing reasons, Steele requests the Court dismiss Defendant's frivolous, if not fraudulent, motion for default judgment as to him.

November 7, 2013

Respectfully Submitted,

John Steele
*Pro se*
1111 Lincoln Road Suite 400
Miami Beach, Florida 33139
(786) 571-8131