UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, <br><br> Plaintiff, <br> v. <br><br> SANDIPAN CHOWDHURY, <br><br> Defendant. | Civil Action No. 1:12-cv-12105-JLT |

## DECLARATION OF DANIEL GOLDSMITH RUGGIERO

I, Daniel Goldsmith Ruggiero, hereby state:

1. Without waiving any privilege, I submit this declaration in regards to my prior representation as counsel to AF Holdings, LLC in the above captioned matter and related proceedings.

2. I was originaly retained by Prenda to represent AF Hldings, LLC, as well as its other subsidiaries. At some point it changed from Prenda to Livewire, but the sum and substance of my representation remained the same.

3. Whether it was Prenda or Livewire, it was my understanding that the back office work was the same. For example I still communicated with the same person in accounting, just at a different email address.

4. At all times relevant, it was my understanding that Mark Lutz was the owner of AF Holdings, LLC.

5. During the course of my representation of AF Holdings, I spoke on at least one occasion with each of the following individuals: Paul Duffy, John Steele, and Mark Lutz. I do not recall whether I spoke to Paul Hansmeier.

6. During the Winter of 2012, I met John Steele and Mark Lutz for dinner.

7. As part of my representation, I added firm email addresses onto any ECF notices and pleadings that allowed Prenda and Livewire to know everything going on within the docket of each case. Upon information and belief, I was asked to do this by Brett Gibbs.

8. Specifically, I forwarded discovery requests to Paul Duffy.

9. During the early Spring 2013, I was told on separate occasions by John Steele and Mark Lutz to dismiss all active AF Holdings cases.

10. However, with regards to this matter and one in Connecticut, there were active counterclaims against AF Holdings, LLC and so I could not simply "dismiss" the cases. As a result, I specifically requested permission to dismiss the cases knowing the counterclaims were active. I received a call from Mark Lutz (or represented himself as Mark Lutz as I did not recognize the phone number). As a result of that phone call, I began the process of those dismissals. However, I did inform Mr. Lutz that he would need to find substitute counsel as I was withdrawing from my two remaining active cases and would no longer take any cases from Livewire or Prenda.

11. After I received notice of the Court Order approving the bond, I contacted John Steele regarding the Order. After receiving the Order, but before receiving notice of the default, I learned about the "ongoings" of Prenda and Livewire having read the Court Orders I provided to this Court as part of my motion to withdraw.

12. I again reached out to John Steele and at some point was put in touch with Paul Duffy. I discussed the motion for bond with Mr. Duffy and reiterated that I would be filing motions to withdraw and that AF Holdings, LLC needed to find substitute counsel.

13. On August 13, 2013, I was personally threatened by Paul Duffy because AF Holdings LLC had knowledge of the default.

14. On August 14, 2013, I withdrew as counsel for AF Holdings for the reasons stated in my motion. ECF No. 22.

Signed under the pains and penalties of perjury this ____14th____ of __November__ 2013

_____
Daniel Goldsmith Ruggiero