UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AF HOLDINGS, LLC, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *  Civil Action No. 12-12105-JLT |
| | * |
| SANDIPAN CHOWDHURY, | * |
| | * |
| Defendant. | * |

ORDER

December 3, 2013

TAURO, J.

After reviewing the Parties' written submissions, this court hereby orders that Interested Party John L. Steele's Motion to Set Aside Default Judgment [#36] is DENIED and that Interested Party Paul R. Hansmeier's Motion to Set Aside Default Judgment [#38] is also DENIED.

A default judgment may be set aside under Federal Rule of Civil Procedure 60(b) only in "extraordinary" circumstances.[1] A party

> seeking relief under Rule 60(b) must demonstrate "at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted."[2]

Under this standard, a movant "must give the trial court reason to believe that vacating the

---

[1] Fisher v. Kadant, 589 F.3d 505, 512 (1st Cir. 2009) ("Rule 60(b) relief is 'extraordinary in nature' and, thus, 'motions invoking that rule should be granted sparingly.'" (quoting Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002))).

[2] Id. (quoting Karak, 288 F.3d at 19).

judgment will not be an empty exercise."[3]

Steele and Hansmeier's motions fail to demonstrate that the removal of the default judgment would not be an empty exercise.[4] Regardless of the exact relationship between Steele and Hansmeier, on the one hand, and Plaintiff, on the other,[5] it is clear that Steele and Hansmeier had notice of all filings in this case, including filings that identified Steele and Hansmeier as the controlling owners of Plaintiff.[6] Steele and Hansmeier therefore had ample opportunity to litigate this case before default was entered.

This case shall remain CLOSED.[7]

IT IS SO ORDERED.

  /s/ Joseph L. Tauro
United States District Judge

---

[3] Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992).

[4] See id.

[5] This court is not the first federal court to decline to unravel this relationship. See AF Holdings, LLC v. John Doe(s), Nos. 12-1445, 12-1446, 12-1447, 12-1448, 12-1449, ECF No. 67, at *9 (D. Minn. Nov. 6, 2013), available at Resp. Opp'n Pl.'s Counsel's Mots. Set Aside Default J., at Ex. J [#42] ("The Court further concludes that, once all of the ill-gotten gains are fully disgorged from AF Holdings, it would not be a wise use of the Court's limited resources to *sua sponte* attempt to fully untangle the relationship between Hansmeier, Steele, Duffy, Dugas, Lutz and Prenda Law, on the one hand—and the Plaintiff, AF Holdings, LLC., on the other.").

[6] See, e.g., Defs.' Req. Judicial Notice Order File Related Proceeding [#15]; Order Issuing Sanctions [#15-1].

[7] To the extent that Interested Party Paul A. Duffy intended his Declaration in Support of His Motion and Memorandum of Law in Support of Motion to Set Aside Default Judgment [#41] to be a motion, it, too, is DENIED for the foregoing reasons.