UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| AF HOLDINGS, LLC, | ) ) ) | |
| Plaintiff/Counter-Defendant, | ) | |
| v. | ) ) | Civil Action No. 3:12-cv-01401-JBA |
| ELLIOT OLIVAS, | ) ) | |
| Defendant/Counter-Plaintiff. | ) ) ) | |

**DEFENDANT'S REQUEST FOR JUDICIAL NOTICE OF AN OPINION FILED IN A RELATED PROCEEDING**

Pursuant to Federal Rule of Evidence 201, Defendant/Counterplaintiff Elliot Olivas ("Defendant") respectfully requests that the Court take judicial notice of the Opinion filed in a related matter involving Plaintiff AF Holdings, LLC's counsel Paul Duffy, John Steele and Paul Hansmeier. *Lightspeed Media Corp. v. Anthony Smith, et al.*, __ F.3d __, 2014 U.S. App. LEXIS 14725, Nos. 13-3801 and 14-1682 (7th Cir. July 31, 2014) ("Opinion"). The Opinion, a true and accurate copy of which is attached hereto as Exhibit A, provides further support for granting the default judgment, jointly and severally, against Plaintiff AF Holdings, LLC, Prenda Law, Inc., John L. Steele, Paul A. Duffy, Paul R. Hansmeier and Mark Lutz (collectively ("Plaintiff") for Defendant's damages. Defendant also requests all attorney's fees and costs to date incurred in opposing Plaintiff's fraudulent pleadings to overturn the default.

**I. LEGAL STANDARD**

Under Federal Rule of Evidence 201(b)(2), the Court is entitled to take judicial notice of facts that are not subject to reasonable dispute in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." The Court may take judicial notice, whether requested or not, at any stage of the proceeding. Fed. R. Evid. 201(c); (f). Judicial notice is mandatory when properly requested by a party who supplies the Court with the necessary information. Fed. R. Evid. 201(d). "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Cerasani v. Sony Corp.*, 991 F. Supp. 343, 354 (S.D.N.Y. 1998). "[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other

litigation, but rather to establish the fact of such litigation and related filings." *Staehr v. Hartford Fin. Servs. Group*, 547 F.3d 406, 425 (2d Cir. 2008).

## II. ARGUMENT

The Opinion is a public record filed in the United States Court of Appeals for the Seventh Circuit. Its existence is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" Fed. R. Evid. 201(b)(2). As such, its existence is properly the subject of judicial notice.

In his pleadings, Defendant repeatedly points out that AF Holdings, LLC is an alias or alter ego of the Prenda attorneys and their law firm. *See, e.g.,* ECF Nos. 25 & 25-1 (*Ingenuity 13* Order, filed May 8, 2013); ECF No. 28-3 (motion for judgment under 55(b), filed June 27, 2013); ECF Nos. 31 & 31-2 (motion to withdraw as counsel, filed August 14, 2013). A default, therefore, may be entered and enforced against AF Holdings, LLC, and its alter egos and aliases —including Steele. *See* ECF No. 40 at pp. 9-10 (collecting cases on alter ego and alias liability).

The matter before this Court concerns, in part, the relationship between the AF Holdings, LLC, its counsel Prenda Law, and three attorneys associated with Prenda Law. In *Lightspeed Media Corp.*, the second Prenda Law-related opinion issued by a federal appeals court, that incestuous relationship was discussed at length and alter ego/alias allegations were confirmed once again. *See generally Id.* at 8-9.

> Given the close connections among the lawyers, it was reasonable for the court to conclude that service on Duffy would suffice to give notice to Steele and Hansmeier as well.

*Id.* at 7; *id* at 8 ("Duffy received notice, he was in charge of Prenda Law, and there was evidence that both Steele and Hansmeier were working for Prenda as well."). *See also AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, No. 12–7135 (D.C. Cir. May 27, 2014) (describing Prenda Law as "a 'porno-trolling collective'" in which "Duffy and the other principals of Prenda Law … 'formed … AF Holdings') (attached as Exhibit B).

The Opinion concludes "with confidence that notice to Duffy was reasonably calculated to apprise Steele and Hansmeier of the pendency of the motion." *Id.* at 10.

These findings of fact are directly pertinent to the matters at hand. Defendant has actively defended himself from Plaintiff's attempts to obtain settlement from him. If those attempts were

tainted by collusion and fraud, they were vexatious, and further warrant the relief requested in Defendant's counterclaims.

### III. CONCLUSION

WHEREFORE, Defendant respectfully requests that the Court take judicial notice of the Opinion attached hereto, and grant Defendant such other and further relief to which he is entitled.

Dated: August 6, 2014

Respectfully,

/s/ Jason E. Sweet

Jason E. Sweet (BBO# 668596)
BOOTH SWEET LLP
32R Essex Street
Cambridge, MA 02139
Tel.: (617) 250-8619
Fax: (617) 250-8883
Email: jsweet@boothsweet.com

### CERTIFICATE OF SERVICE

I hereby certify that on this August 6, 2014, I electronically filed the foregoing Defendant's Request for Judicial Notice of an Opinion Filed in a Related Proceeding, by using the Court's ECF system, thereby causing a true copy thereof to be served upon counsel of record for Plaintiff as identified on the Notice of Electronic Filing.

/s/ Jason E. Sweet